# Kohler *v.* Butler County, Appellant.

*Road law—Appeals from viewers—Acts of February* 11, 1854, *P. L.* 62, *April* 15, 1891, *P. L.* 17, *and May* 26, 1891, *P. L.* 116.

Under the Acts of April 15, 1891, P. L. 17, and May 26, 1891, P. L. 116, a landowner in Butler county is entitled to appeal to the common pleas from the report of a road jury refusing him damages, although under the local Act of February, 1854, P. L. 62, applicable to Beaver, Butler and Lawrence counties, the report of the jury is final.

Argued May 16, 1906. Appeal, No. 167, April T., 1906, by defendant, from judgment of C. P. Butler Co., Sept. T., 1904, No. 82, on verdict for plaintiff in case of Frank X. Kohler v. County Commissioners of Butler County. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Appeal from report of a jury of view. Before GALBREATH, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,120. Defendant appealed.

*Error assigned* was refusal of binding instructions for defendant.

*Everett L. Ralston*, with him *J. B. McJunkin* and *Steven Cummings*, for appellant, cited: Kingstown Twp. Road, 6 Kulp, 341.

*Lev. McQuiston*, of *McQuiston & McQuiston*, with him *Greers*, for appellee, cited: Mansfield Boro's Appeal, 158 Pa. 314; Com. v. Brown, 210 Pa. 29; Wilkesbarre v. Stewart, 16 Pa. Superior Ct. 347; Homer v. Com., 106 Pa. 221; McHenry's Petition, 6 Pa. Superior Ct. 464; Chalfant v. Edwards, 176 Pa. 67.

OPINION BY MORRISON, J., June 30, 1906:

The origin of this case was a proceeding in the quarter sessions of Butler county to lay out a public road, a portion of which passed through the land of the plaintiff. In that proceeding the report of re-reviewers in favor of the road was confirmed absolutely by the court and the road ordered to be opened through plaintiff's land, on July 11, 1904. On the same day the plaintiff appealed to the common pleas of Butler county because the re-reviewers allowed him no damages. On August 4, 1904, the court awarded an issue to try and determine the question of the plaintiff's damages before a jury. In that issue Frank X. Kohler was made plaintiff and the county commissioners of Butler county defendants. The trial of this issue resulted in a verdict and judgment thereon in favor of the plaintiff for $1,120, and from this judgment the defendant appealed to this court.

There is not a single assignment of error in the record which conforms to our rules, but we have concluded to waive this and pass upon the real question sought to be raised, on its merits. This question is, whether the plaintiff is entitled to

an appeal to the common pleas or was he limited to the provision of the Act of February 11, 1854, P. L. 62? That act is special and it only applies to the counties of Beaver, Butler and Lawrence. It clearly makes the report or reports of viewers and the final acts of the court in confirming the same conclusive as to the damages sustained by the landowner through whose land the road is laid out.

We then have article 16, section 8 of the constitution of 1874, providing for an appeal and a jury trial as to the amount of damages, according to the course of the common law. Then comes the Act of May 14, 1874, P. L. 164, providing that road and bridge viewers shall endeavor to procure releases of damages, and failing, they shall assess the damages and report to the court, etc., subject to appeal, review or modification, as may be provided by existing laws in the different counties of the commonwealth. It is very clear under this act, and the act of 1854, P. L. 62, and the decision of the Supreme Court in Warriorsmark Township, 126 Pa. 305, that the landowner is not entitled to an appeal from the report of viewers passing upon his damages to the common pleas; this is so, because the act of 1854 is still the law as to damages in such cases in Butler county. We also have the Act of June 13, 1874, P. L. 283, regulating appeals from assessments of damages to owners of property taken for public use. But this act by its title and terms does not seem to apply to road cases.

Then comes the Act of April 15, 1891, P. L. 17, which provides in plain terms for an appeal to the common pleas in all cases of assessments of damages by a jury of view, review, or re-review, in laying out, widening, grading, opening or changing the lines or grades of any public street, road or alley in this commonwealth. . Provided, the appeal be taken within thirty days after the final confirmation of the report of said jury. Section 3 of that act reads : " All acts or parts of acts inconsistent herewith be and the same are hereby repealed." And finally we have the Act of May 26, 1891, P. L. 116, entitled : " An act to provide for an appeal to the court of common pleas, from the decree of the court of quarter sessions confirming any award of viewers in proceedings to assess damages for the opening, widening or changing of grade of any street, road, or highway." That act also contains the same repealing section

as the act of April 15, 1891. It will be noted that the act of May 26 is limited to viewers appointed to assess damages, but where road viewers are authorized by law, as in Butler county, to lay out roads and assess the damages, this act applies. Both of the latter acts are broad enough to cover all cases of viewers appointed to lay out roads, etc., and assess damages, and in view of the repealing clauses in both of said acts, we are unable to see why the plaintiff in the case at bar was not well within his legal rights in appealing to the common pleas. It was the duty of the jury of re-review to assess his damages, and having failed to allow him any damages and the court having confirmed the report, he was aggrieved.

Now, whether we treat the acts of 1891 as repealing so much of the act of 1854 as makes the action of the viewers and the court final and conclusive as to the question of damages, or as providing an additional remedy, is not material. In either case the plaintiff is entitled to his plain statutory right of a jury trial according to the course of the common law. It may be that the whole of the act of 1854 can stand and that a landowner so electing can have his damages finally determined by view and order of the court of quarter sessions. But this is not now finally decided. However, if we concede this, it by no means follows that a landowner aggrieved by the report of viewers and the final order of the court thereon may not appeal and have his jury trial under the acts of 1891.

We are clearly of the opinion that the plaintiff's appeal in the present case and the trial and judgment therein are legal.

But it is unnecessary for us to say more in this case. We think the charge of the learned court below to the jury and his opinion refusing a new trial fully vindicate the judgment and it might be affirmed thereon without more. There is no merit whatever in the attempted assignment of error refusing a new trial.

The assignments of error are all dismissed and the judgment is affirmed.